UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.   CIVIL ACTION NO. 2:23-cv-179-HSO-BWR

LAQUNTA GHOLAR,
BLAKE WILLIAMS,
CORY WILLIAMS,
LONDON WILLIAMS, and
THE ESTATE OF JUSTIN WILLIAMS,

    Defendants.

## COMPLAINT IN INTERPLEADER

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

### PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey. Prudential is duly authorized to do business in the State of Mississippi.

2. Defendant Laqunta Gholar ("Laqunta") is an adult citizen of Mississippi and domiciled in Silver Creek, Mississippi.

3. Defendant Blake Williams ("Blake") is an adult citizen of Nebraska and domiciled in Omaha, Nebraska.

4. Defendant Cory Williams ("Cory") is an adult citizen of Texas and domiciled in Dallas, Texas.

5. Defendant London Williams ("London") is an adult citizen of Mississippi and domiciled in Jackson, Mississippi.

6. Upon information and belief, there has been no proceeding commenced to administer the Estate of Justin Williams.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 29 U.S.C. §§ 1132(e) and (f) which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary. The group life insurance coverage at issue in this action is provided pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002(21)(A)(iii).

8. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967). Upon information and belief, the Defendants are citizens of Mississippi, Nebraska, and Texas.

9. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

10. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

11. Prudential issued a group life insurance contract, policy number G-43939-AR, to Wal-Mart Stores, Inc. (the "Plan"). *A copy of the Plan Certificate is attached hereto as* **Exhibit A**.

12. As an eligible employee of Wal-Mart Stores, Inc., Defendant Laqunta elected and received dependent spousal life insurance coverage on her spouse, Justin Williams (the "Insured"), under the Plan.

13. As an eligible employee of Wal-Mart Stores, Inc., Defendant Laqunta elected and received accidental death and dismemberment ("AD&D") insurance coverage for the Insured under the Plan.

14. Pursuant to the terms of the Plan, Laqunta is automatically designated as the primary beneficiary to the Insured's life and AD&D insurance coverages under the Plan.

15. Upon information and belief, the Insured died on February 21, 2021, and his death was ruled a homicide. *A copy of the Insured's Death Certificate is attached hereto as* **Exhibit B**.

16. As a result of the death of the Insured, Plan death benefits in the amount of $55,000 (the "Death Benefits"), comprised of $5,000 in life insurance benefits and $50,000 in AD&D benefits, became due to the beneficiary or beneficiaries entitled to receive them, and Prudential concedes liability to that effect.

17. By Group Life Claim Form dated October 26, 2021, Laqunta asserted a claim to the Death Benefits. *A copy of Laqunta's Group Life Claim Form is attached hereto as* **Exhibit C**.

18. On or about November 6, 2023, the Lawrence County (Mississippi) Sheriff's Department confirmed that its homicide investigation remains open and active and that Laqunta has not been ruled out as a person of interest in connection with that investigation.

19. Miss. Code. § 91-1-25 (the "Mississippi Slayer Statute"), provides, in relevant part:

> If any person willfully cause or procure the death of another in any way, he shall not inherit the property, real or personal, of such other; but the same shall descend as if the person so causing or procuring the death had predeceased the person whose death he perpetrated

*Miss. Code. § 91-1-25*

20. If Laqunta is determined to have willfully caused or procured the death of the Insured, she will have forfeited her right to the Death Benefits pursuant to Miss. Code § 91-1-25, and it would be as if she predeceased the Insured.

21. If Laqunta is treated as having predeceased the Insured, under the terms of the Plan, the Death Benefits would be payable to the Insured's Estate. *See Exhibit A, Plan, at page 13-14, "To Whom Payable."*

22. Upon information and belief, there has been no proceeding commenced to administer the Insured's Estate.

23. Upon information and belief, the Insured was domiciled in the state of Mississippi at the time of his death. *See Exhibit B.*

24. The Mississippi Code concerning laws of intestate succession for a decedent with no spouse provide, in relevant part,

> When any person shall die seized of any estate of inheritance in lands, tenements, and hereditaments not devised, the same shall descend to his or her children, and their descendants, in equal parts, the descendants of the deceased child or grandchild to take the share of the deceased parent in equal parts among them. When there shall not be a child or children of the intestate nor descendants of such children, then to the brothers and sisters and father and mother of the intestate and the descendants of such brothers and sisters in equal parts, the descendants of a sister or brother of the intestate to have in equal parts among them their deceased parent's share.

*Miss. Code. § 91-1-3.*

25. Upon information and belief, the Insured had no children.

26. Upon information and belief, the Insured's parents predeceased him.

4

27.     Upon information and belief, the Insured is survived by his three siblings, *to wit*, Blake, Cory and London.

28.     Accordingly, if Laqunta is deemed to have predeceased the Insured, the Insured's intestate heirs would be his three siblings, Blake, Cory and London.

29.     There have been no other claims for the Death Benefits.

30.     Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefits. By reason of the actual or potential claims of the adverse claimants, Prudential is or may be exposed to multiple liability.

31.     Prudential is ready, willing, and able to pay the Death Benefits, plus applicable interest, if any, payable in accordance with the terms of the Plan and to whomever this Court shall designate.

32.     As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefits due and respectfully requests that this Court determine to whom said benefits should be paid.

33.     Prudential, accordingly, will deposit into the Court the Death Benefits, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

34.     Prudential has not brought these claims for Interpleader at the request of any of the adverse claimants. There is no fraud or collusion between Prudential and any of the adverse claimants. Prudential brings these claims for Relief in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a)     directing one or more Defendants to commence proceedings to administer the Insured's Estate or, in the alternative, appointing an independent representative herein to administer the interests of the Insured's Estate with respect to the Death Benefits;

5

(b) requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefits should be paid;

(c) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefits or otherwise in connection with the Insured's coverage under the Plan;

(d) permitting Prudential to deposit the amount of the Death Benefits, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(e) discharging Prudential from any and all further liability to the Defendants that relates in any way to the Insured's coverage under the Plan and/or the Death Benefits upon payment of the Death Benefits into the Registry of this Court or as otherwise directed by this Court;

(f) dismissing with prejudice Prudential from this action following deposit of the Death Benefits with the Registry of the Court or as otherwise directed by this Court;

(g) awarding Prudential its attorneys' fees and costs in their entirety; and

(h) awarding Prudential any other and further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 17th day of November, 2023.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

BY: _____
MATT QUINLIVAN

Matt Quinlivan (MSB #103081)
SYMMES & ESTES, PLLC
1806 23rd Avenue, Suite A
Gulfport, MS 39501
Telephone: (228) 896-8962
Facsimile: (228) 205-4457
matt@symmesestes.com
*Counsel for Plaintiff, The Prudential Insurance Company of America*